# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

GCA SERVICES GROUP, INC.,

   Plaintiff,

CASE NO.: _____

vs.

AMERICAN FEDERATION OF STATE,
COUNTRY AND MUNICIPAL
EMPLOYEES FLORIDA COUNCIL 79.

   Defendant.

_____/

## COMPLAINT

Plaintiff GCA Services Group, Inc.("GCA"), as and for its petition to vacate an arbitration award entered in favor of Defendant, American Federation of State, County and Municipal Employees Florida Council 79 ("AFSCME" or the "Union"), files this Complaint and states as follows:

### PARTIES

1. Plaintiff GCA provides a variety of janitorial services throughout the country, including for Duval County Public Schools ("DCPS"). GCA is an employer within the meaning of 29 U.S.C. § 152(2) of the National Labor Relations Act.

2. Defendant AFSCME is a labor organization within the meaning of 29 U.S.C. § 152(5) of the National Labor Relations Act. AFSCME Council 79 Region 1 is located in Jacksonville, FL. The Union is the bargaining representative for a bargaining unit consisting of GCA custodians at DCPS.

## JURISDICTION

3. GCA and the Union are parties to a collective bargaining agreement covering the dates of October 1, 2015 to September 30, 2018 ("CBA") between an employer and labor organization in an industry affecting commerce.

4. This Court has jurisdiction pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*.

## VENUE

5. Venue is appropriate in this Court because GCA is petitioning to vacate an arbitration award entered in Jacksonville, FL.

## RELEVANT PROVISIONS OF THE COLLECTIVE BARGAINING AGREEMENT

6. Written grievances must be filed "within ten (10) working days of the occurrence giving rise to the grievance or it shall be deemed waived." CBA, Joint Ex. 1 Article 8, attached hereto as Exhibit 1.

7. "The Arbitrator shall have no authority to modify, delete, or amend any provisions of this Agreement." CBA Article 8.

8. A Memorandum of Agreement ("MOA") attached to the CBA provides that:

> The parties agree that for all current active non-probationary employees at GCA Services Group Operating at Duval County Public Schools who are still employed by the employer on June 30, 2016 will receive a one point nine percent (1.9%) wage increase retroactive to July 1, 2016 and a one point nine percent (1.9%) increase effective July 1, 2017. MOA, Joint Ex. 3, attached hereto as Exhibit 2.

9. "Any wage increase granted by Duval County School Board to the Employer shall be passed along to the Employees within thirty (30) days as soon as all the wage increase requirements / stipulations have been satisfied." CBA Article 17(E)(7).

## FACTS RELEVANT TO THE PETITION

10. As part of their agreement on wages, GCA and the Union agreed in a Memorandum of Agreement attached to their CBA that employees "who are still employed by the employer on June 30, 2016 will receive a one point nine (1.9%) wage increase retroactive to July 1, 2016 and a one-point nine percent (1.9%) increase effective July 1, 2017." Six Union representatives signed the MOA.

11. The Union ratified the CBA on December 8, 2017.

12. Pursuant to the plain language of the MOA, GCA paid both 1.9% wage rate increases only to employees who had been employed as of June 30, 2016. GCA paid the second 1.9% increase retroactive pay on January 30, 2018.

## GRIEVANCE PROCEDURE

13. On March 12, 2018, the Union filed a grievance claiming that all employees who were employed as of July 1, 2017 should have received the second 1.9% increase.

14. The grievance was filed 29 working days after GCA paid the retroactive pay that the Union is challenging on January 30, 2018.

15. The case proceeded through the grievance procedure outlined in Article 13 of the parties' CBA, and on May 31, 2018 the Union moved the case to arbitration.

## ARBITRATION

16. The parties selected Arbitrator Patricia Plant to hear this matter, and a hearing on the merits was held on September 27, 2018 in Jacksonville, FL. Arbitrator's Award p. 1, attached hereto as Exhibit 3.

17. At the end of the hearing on September 27, 2018 the arbitrator closed the record.

18. The parties filed post-hearing briefs on or before October 27, 2018. Award p. 1.

19. Per FMCS Rule 1404.14(a), the arbitrator's award was due November 27, 2018.

20. On November 27, 2018, the arbitrator requested a two-day extension of time to file her decision, to November 30, 2018. The parties agreed to this extension. Award pp. 27-28.

21. The arbitrator did not submit her decision on November 30, 2018. Instead, on November 30, 2018, the arbitrator emailed the parties a "predication of error" stating she erred when she sustained GCA's objection to entering the contract between DCPS and GCA into evidence. The arbitrator reopened the record for the Union to submit the DCPS/GCA contract. Award p. 28.

22. GCA objected to the record being reopened, and the arbitrator overruled the objection. Award p. 29. The parties submitted supplemental briefs regarding the DCPS/GCA contract on January 9, 2019. *Id*. p. 1.

23. On January 25, 2019, the arbitrator issued an award finding the grievance arbitrable and granting the grievance. The arbitrator found that the parties had concurred in continuing to work out issues prior to the filing of a formal grievance, and "[a]s to a continuing violation, this Arbitrator is supportive of the Union's contention with regard to its use as an affirmative defense." Award pp. 16-17.

24. The arbitrator further found that the MOA the Union agreed to violated the parties' CBA, as well as the collective bargaining agreement between the Union and DCPS and GCA's contract with DCPS. Award p. 30. The arbitrator noted that the record did not disclose why the MOA could not be rescinded as a result of the mistake. *Id*.

25. The arbitrator further noted that "[t]he Record does not appear to disclose how the Company will be prejudiced by passing through the increased wages" because GCA could request reimbursement from DCPS. *Id*.

26. The arbitrator lastly found that while both parties acknowledged that a flyer the Union distributed to its members with the proposed contract terms for ratification contradicted the terms of the MOA, "the Record is devoid of any evidence that suggests that the Company

Informed the Union it disagreed with the contents of the ratification flyer," which "resulted in acquiesce [sic] and estoppel." *Id*. p. 31.

## GROUNDS FOR RELIEF

27. The Award should be vacated on the grounds that the Arbitrator has "exceeded [her] powers, or so imperfectly that a mutual, final, and definite award upon the subject matter submitted was not made," and because the arbitrator engaged in misbehavior that prejudiced GCA's rights. 9 U.S.C. § 10(a)(3) and (4).

28. While the Court must generally defer to an arbitrator's findings of fact, "an arbitrator 'may not ignore the plain language of the contract.'" *Warrior & Gulf Navigation Co. v. United Steelworkers of America*, 996 F.2d 279, 280-81 (11th Cir. 1993) *citing United Paperworkers Int'l. Union v. Misco, Inc.,* 484 U.S. 29, 38 (1987). "That means an arbitrator may not 'issue[ ] an award that contradicts the express language of the agreement,'" or "modify clear and unambiguous contract terms." *Wiregrass Metal Trades Council v. Shaw Environ. Infrastructure, Inc.*, 837 F.3d 1083, 1088 (11th Cir. 2016) *citing IMC–Agrico Co. v. Int'l Chem. Workers Council of the United Food & Commercial Workers Union, AFL–CIO*, 171 F.3d 1322, 1325 (11th Cir. 1999).

29. The arbitrator grossly exceeded her powers in this matter by modifying and ignoring the plain language the parties agreed to. The award should be vacated for the reasons to be provided in GCA's Motion to Vacate, which will include:

   a. The arbitrator modified the CBA's unambiguous timelines in which grievances must be filed;

   b. The arbitrator engaged in misbehavior when she reopened the record the day her decision was due to be submitted;

   c. The arbitrator ignored and modified the unambiguous terms of the MOA and CBA;

 d. When the arbitrator relied on extrinsic evidence which was not part of the CBA between GCA and the Union, including GCA's contract with DCPS, the Union's contract with DCPS, and a flyer distributed by the Union, she modified the CBA;

 e. The arbitrator exceeded her authority when she put the burden of proof on GCA, when it was the Union's burden to prove its grievance; and

 f. The arbitrator improperly meted out the arbitrator's brand of industrial justice by relying on her belief that GCA would not be prejudiced or harmed if she granted the grievance because she believed GCA would be reimbursed for the cost by DCPS.

30. GCA will therefore demonstrate that the arbitrator's award must be vacated because the arbitrator exceeded her authority and engaged in misbehavior. *See Bruno's, Inc. v. United Food and Comm. Workers Int'l Union, Local 1657*, 858 F.2d 1529, 1532 (11th Cir. 1988) (upholding district court's vacating of arbitration award that imposed a policy on the employer that was "in direct conflict with the express terms of the collective bargaining agreement"); *Anheuser-Busch, Inc. v. Beer Workers Local Union 744*, 280 F.3d 1133, 1143-45 (7th Cir. 2002) (holding that arbitrator exceeded his scope of authority and "dispense[d] his own brand of industrial justice" when he ignored the unambiguous terms of the collective bargaining agreement the parties agreed to).

## CONCLUSION

31. GCA respectfully requests that this Court vacate the arbitrator's Award of the Arbitrator of the reasons set forth above.

**WHEREFORE**, Plaintiff respectfully requests that this Court vacate the Arbitrator's award in this matter and grant such other and further relief as the Court deems just and proper.

DATED this 22nd day of April, 2019.

        Respectfully submitted,

        JACKSON LEWIS, P.C.
        501 Riverside Avenue, Suite 902
        Jacksonville, Florida 32202
        Telephone:  (904) 638-2655
        Facsimile:  (904) 638-2656

        By: */s/Richard N. Margulies*
        Richard N. Margulies
        Florida Bar No. 607487
        Richard.Margulies@jacksonlewis.com

        Counsel for Plaintiff

4811-8961-8580, v. 1